Brooks v. Kauffman.

---

MARTHA M. BROOKS, APPELLANT, V. AARON KAUFFMAN, APPELLEE.

FILED MAY 17, 1913. No. 17,171.

Negligence: ACTION FOR PERSONAL INJURIES: EVIDENCE. Unless the evidence shows that, within the owner's knowledge, a team of horses, or one of the horses composing the team, is of such a propensity or disposition that it may reasonably be foreseen or expected that a runaway will occur when the team is driven in a careful manner upon the public highway, the owner is not liable for damages to others occurring by the team running away without his fault.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. Affirmed.

H. D. Rhea, for appellant.

E. A. Cook, contra.

LETTON, J.

This is an action to recover for personal injuries suf-
fered by plaintiff, which, she alleges, occurred by reason of
the vehicle in which she was riding upon a public highway
being struck by a runaway team belonging to defendant,
and on account of his negligent and careless manner of
driving. It is charged that the team which defendant was
driving was spirited, fractious, vicious, uncontrollable
and unmanageable, and had run away several times. At
the conclusion of plaintiff's evidence, defendant moved for
an instructed verdict, which motion was sustained. From
a judgment of dismissal, plaintiff appeals.

The evidence shows that the defendant was driving his
team at a walk along the public highway; that the plain-
tiff's team and a number of other teams were traveling in
the same direction; that shortly before the accident a
team went by that of defendant, and that almost immedi-
ately afterwards the plaintiff drove her team past him at
a trot; that shortly afterwards her vehicle was run into
by the defendant's team, and she was thrown out, and
suffered injuries, of which she complains. The only evi-
dence in the case as to the vicious, uncontrollable and
runaway character of defendant's team is that of two wit-
nesses, one of whom was the plaintiff's husband. He tes-
tified that the defendant was driving a bay horse, about 15
years old, and a black mare, about 9 years old; that at
one time, when the bay horse was about 3 years old, it
came to his place with a harness on it, and that Mr. Kauff-
man came after it, and said that it had run away; there
was no other horse with it. He also testified that about 7
years ago he saw the same bay horse run away while
Kauffman was in the field husking corn; that it was then
hitched up with a black, but not with the black that was
with it on the day of the accident; that he had never seen
that horse run away. Mr. Miller testified that some time
ago, he thinks about two years, the bay horse ran away
in a corn field, while Mr. Kauffman was husking corn, and

went home; that he saw another one of Kauffman's teams with a bay horse and a black one run away in a corn field with a cultivator about 3 years ago, but upon cross-examination he said this was the same black, but a different bay, horse.

We think this proof is entirely insufficient to establish the fact that the team or the bay horse was of such a disposition as to render it negligence on the part of defendant to drive the team upon the highway. The burden of proof is upon the plaintiff to show that the defendant was guilty of negligence, either by driving in a careless and negligent manner, or using a team which to his knowledge was, from its vicious or spirited disposition, unsafe to drive upon the public roads. There is no proof that the horses had ever shown a vicious or dangerous disposition, or that they had ever run away when hitched to a wagon or buggy, or on the highway. The mere facts that more than 7 years before one of the horses had run away in a corn field, and that he had escaped or gotten away from his owner when a mere colt and gone to another farm, fails to show that his owner was negligent in driving him in a careful manner upon the road. Of course, if the allegations of the petition had been proved, a different question would be presented and a recovery would be possible; but, as the evidence stood, no case was made on this point.

It is also complained that there was evidence that, if the defendant had been driving carefully, he might have driven his team into an irrigation ditch, instead of across the bridge, and thus have avoided striking the plaintiff's vehicle. The evidence shows that it was a very cold day, the road was rough and frozen, two teams driving at a trot, one with a noisy, rattling farm wagon, had just passed defendant's team, which was being driven at a walk; that the team was within a short distance of the bridge when it started to run, and that just about the time it reached the bridge defendant was thrown out of the wagon. Under these circumstances, there could have been no time for him to balance probabilities in his mind,

and to determine whether to essay the passage of the bridge or take the risk of trying to drive down into the ditch. The evidence, therefore, fails to show actionable negligence upon this ground also.

There can be no dispute but that the law is in accordance with the contention of plaintiff. It is therefore, unnecessary to consider the authorities cited. The only thing to prevent recovery in this case is the lack of evidence.

We think the district court properly directed a verdict for the defendant. Its judgment is therefore

AFFIRMED.

REESE, C. J., ROSE and FAWCETT, JJ., concur.

BARNES, SEDGWICK and HAMER, JJ., not sitting.